WILLIAM A. TITUS, Respondent, *v.* JACOB SCHNECK, Appellant.

First Department, December 20, 1918.

Depositions — examination of defendant before trial — failure of affidavit to state nature of defense.

An affidavit upon an application for an order for the examination of a defendant before trial which fails to state the nature of the defense does not comply with subdivision 2 of section 872 of the Code of Civil Procedure.

Such defect is substantial, for without such a statement the necessity for, and materiality of, the examination cannot be determined.

APPEAL by the defendant, Jacob Schneck, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of October, 1918, denying defendant's motion to vacate an order for his examination before trial.

*William C. Rosenberg,* for the appellant.

*Edward Potter* of counsel [*Potter & Potter,* attorneys], for the respondent.

PAGE, J.:

The affidavit of the plaintiff inartificially states the nature of the action and the substance of the judgment demanded.

From statements in the affidavit that the defendant had admitted by failure to deny certain allegations and that certain other facts were admitted in the pleadings, it would appear that an answer had been served by the defendant. The affidavit fails to state the nature of the defense. The affidavit, therefore, fails to comply with the requirements of section 872, subdivision 2, of the Code of Civil Procedure.

This defect is substantial, for without such a statement the necessity for and materiality of the examination cannot be determined.

It is probably owing to the manner in which the cause of action is stated and the failure to state the defense that the court was led to order the examination of the defendant to prove that the defendant was not a private banker — a fact which the affidavit states was admitted by the pleadings.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.